UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Christopher Sanford**, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>**Relentless Recovery, Inc.**, an Ohio Limited Corporation; **Amy Osterling and David Osterling**,<br><br>    Defendants. | No. _____<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

Plaintiff, Christopher Sanford ("Plaintiff"), sues the Defendants Relentless Recovery, Inc. ("Relentless Recovery"), Amy Osterling, and David Osterling., (collectively "Defendants") and allege as follows:

## PRELIMINARY STATEMENT

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; and Ohio Revised Code Ann. ("ORC") § 4111.03 for Defendants' failure to pay Plaintiff all earned overtime wages.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. Plaintiff brings this action on behalf of himself and all similarly-situated current and former employees of Defendants who were repossession drivers[1] classified by Defendants as W-2 employees.

4. Plaintiff has given his written consent to be a named representative Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached here as "**Exhibit A**."

5. Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants for their unlawful failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

6. Plaintiff brings a collective action under the FLSA to recover the unpaid overtime owed to him individually and on behalf of all other similarly-situated employees, current and former, of Defendants. Members of the Collective Action are referred to as the "Collective Members."

7. The Collective Members are all current and former employees who worked as repossession drivers for at any time starting three years before this Complaint was filed, up to the present.

8. Defendants own and operate a company that functions as a repossession service and whose primary marketplace offering is providing repossession services.

9. At all relevant times, Defendants have operated pursuant to a policy and practice of denying overtime payments to Plaintiff and all other similarly-situated employees.

---

[1] For the purposes of this Complaint, "repossession drivers" is exclusively a job title used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of Plaintiffs and putative class, and has no bearing or relation to any specialization, skill, education, training, or other qualification that might otherwise be associated with such a job title.

10. At all relevant times, Defendants have willfully refused to pay overtime to its repossession drivers, including Plaintiff and all other similarly situated individuals, by only compensating Plaintiff and all other similarly situated individuals for working 45 hours per week, regardless of the number of hours spent working by Plaintiff and all other similarly situated individuals.

11. In willfully refusing to pay overtime wages, Defendants have violated the overtime provisions of 29 U.S.C. § 207.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the Northern District of Ohio, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

14. At all material times, Plaintiff is an individual residing in Cuyahoga County, Ohio, and is a former employee of Defendants.

15. At all material times, Defendant Relentless Recovery, Inc. is an Ohio corporation licensed to transact business in the State of Ohio. At all material times, Defendant Relentless

Recovery does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

16. At all relevant times, Defendant Relentless Recovery was an employer under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Relentless Recovery had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Relentless Recovery is subject to liability under the FLSA.

17. Defendant Amy Osterling is an owner of Defendant Relentless Recovery and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d). Defendant Amy Osterling has caused events to take place giving rise to the claims in this Complaint.

18. Under the FLSA, Defendant Amy Osterling is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Amy Osterling is an owner of Defendant Relentless Recovery. At all relevant times, Amy Osterling had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Amy Osterling is subject to individual liability under the FLSA.

19. Defendant David Osterling is an owner of Defendant Relentless Recovery and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

Defendant David Osterling has caused events to take place giving rise to the claims in this Complaint.

20. Under the FLSA, Defendant David Osterling is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant David Osterling is an owner of Defendant Relentless Recovery. At all relevant times, David Osterling had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, David Osterling is subject to individual liability under the FLSA.

21. At all material times, Defendants Relentless Recovery, Amy Osterling, and David Osterling are Plaintiffs' "employer" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

22. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

23. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

24. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

25. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

26. Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

**NATURE OF THE CLAIM**

27. Defendant Relentless Recovery does business as Relentless Recovery, which employs individuals, such as Plaintiff, to provide repossession services to their customers.

28. Plaintiff was hired by Defendants and worked for Defendants as a repossession driver from approximately 2015 through approximately September 2022.

29. At all relevant times, in his work for Defendants, Plaintiff worked as a repossession driver, repossessing automobiles on behalf of Defendants' customers.

30. Defendants, in their sole discretion, agreed to compensate Plaintiff at a rate of $11.00 per hour plus commissions.

31. Plaintiff, in his work for Defendants, typically worked approximately 60 hours or more per week.

32. Defendants implemented a policy where their repossession drivers, including Plaintiff, were only compensated for up to 45 hours per week regardless of the number of hours worked in a workweek.

33. Plaintiff was required to work a minimum of 40 hours per week for Defendants.

34. Plaintiff would not be compensated for hours worked in excess of 45 hours in a workweek.

35. Plaintiff was required to work in excess of 45 hours in a given workweek in order to be successful in his job as a repossession driver.

36. If Plaintiff worked more than 45 hours in a given workweek, his time records would be adjusted by Defendants to reflect no more than 45 hours per week worked.

37. Defendants engaged in the practice of adjusting Plaintiff's time records from approximately February 2022 through approximately July 2022.

38. During that time, Plaintiff worked approximately 10-15 hours of unpaid overtime per week.

39. Consistent with this common policy and practice, Defendants intentionally adjusted the time records for Plaintiff and others similarly situated individuals such that they were compensated for no more than 45 hours per week.

40. As a result of Defendants' common policy, Defendants have not paid overtime pay to Plaintiffs and others similarly situated.

41. Defendants required Plaintiff and others similarly situated to work at least 40 hours or more in a given workweek, and most employees were working 50 or more hours in a given workweek for Defendants.

42. The FLSA applied to Plaintiff and all individuals similarly situated at all times during which they worked for Defendants. No exceptions or exemptions to the FLSA apply to Plaintiff and those similarly situated.

43. Upon information and belief, Defendants employed dozens of repossession drivers throughout the relevant time period without paying them overtime pay for all hours worked in excess of 40 hours in a given workweek.

44. At all relevant times, Defendants directly or indirectly exercised significant control over the wages, hours, and working conditions of Plaintiff and similarly situated individuals.

45. At all relevant times, the employment terms, conditions, and policies that applied to Plaintiff were the same as those applied to other putative Collective Members who also worked as repossession drivers for Defendants.

46. Plaintiffs and the putative Collective Members incurred financial loss, injury, and damage as a result of Defendants' business practice of failing to pay them overtime pay.

47. Because Defendants failed to pay their employees proper wages, the putative Collective Members' income consisted solely of the hourly rate of pay plus commissions they received for hours worked up to 45 hours in a workweek.

48. Defendants failed to properly calculate the overtime rates for Plaintiff and the Collective Members.

49. Under the FLSA, employees are entitled to be paid one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a workweek. 29 U.S.C. § 207(a).

50. The regular rate of pay is an hourly rate of pay determined by dividing all remuneration earned by the employee by the number of hours worked in their non-overtime workweek. 29 C.F.R. § 778.108-109.

51. Under the FLSA, commissions payments must be included in the calculation for the regular rate of pay. 29 C.F.R. § 778.117.

52. Defendants failed to include commission payments in their calculation of the regular rate, instead simply paying overtime payments at a rate of $16.50, which is one and one-half times Plaintiff's hourly rate of $11.00.

53. Defendants' failure to pay Plaintiff and other putative Collective Members overtime premiums for all hours worked in excess of 40 hours in a workweek was specifically intended to enhance Defendants' profit margins at the expense of the putative Collective Members by willfully suffering and permitting Plaintiffs and the putative Collective Members to work in excess of 40 hours in a given workweek without paying overtime compensation at a rate

of one and one-half times their regular rates and adopting and implementing employment policies that violate the FLSA.

54. [KICKBACK ALLEGATIONS]

55. Defendants' failure to pay overtime premiums for all hours worked in excess of 40 hours in a given workweek to Plaintiff and those similarly situated was willful.

56. Defendants knew or should have known that it was improper to fail to pay overtime premiums for all hours worked in excess of 40 hours in a given workweek to Plaintiff and the putative Collective Members.

57. Any contract which attempts to have workers in the putative Collective waive, limit, or abridge their statutory rights to the protections provided by the FLSA or other applicable wage and hour laws is void, unenforceable, unconscionable, and contrary to public policy.

58. All actions and agreements by Defendants described herein were willful and intentional, and they were not the result of mistake or inadvertence.

59. Defendants were aware that the FLSA applies to their business at all relevant times and that Plaintiff and Members of the putative Collective were entitled to overtime payments for all hours worked in excess of 40 hours in given workweek.

## INJURY AND DAMAGE

60. Plaintiff and all Members of the putative Collective suffered harm, injury, and damages, including financial loss, as a result of Defendants' conduct complained of herein.

61. Plaintiff and all Members of the putative Collective were entitled to overtime pay for all hours worked in excess of 40 hours in a given workweek. Further, Defendants were required to calculate the applicable overtime rates by including all commission payments in the regular rate calculation. By failing to pay Plaintiff and the Members of the putative Collective

overtime pay for all hours worked in excess of 40 hours in a workweek, Defendants injured Plaintiff and the Members of the putative Collective and caused them financial loss, harm, injury, and damage.

## FLSA COLLECTIVE ACTION ALLEGATIONS

62. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63. Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

64. Plaintiff asserts those claims on behalf of himself, and on behalf of all similarly situated repossession drivers of Defendants, who were not paid all overtime compensation required by the FLSA during the relevant time period as a result of Defendants' compensation policies and practices.

65. Plaintiff seeks to notify the following individuals of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All repossession drivers (or individuals with other similar job duties or titles) who worked for Defendants and worked more than 40 hours in at least one workweek for Defendants at any time during the past three years.**

66. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiff and similarly situated delivery drivers' claims arise out of Defendants' willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all repossession drivers employed by Defendants within three years from the filing of this Complaint.

67. Upon information and belief, Defendants have employed more than one hundred (100) repossession drivers during the period relevant to this action.

68. The identities of these individuals, as a group, are known only to Defendants. Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

69. Because these similarly situated employees are readily identifiable by Defendants and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

70. Collective adjudication is appropriate in this case because the individuals whom Plaintiff wishes to notify of this action have been employed in positions similar to Plaintiff; have performed work similar to Plaintiff; and have been subject to compensation practices similar to those to which Plaintiff has been subjected, including unlawful failure to pay the applicable overtime rates as required by the FLSA.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
**(Against All Defendants)**

71. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72. Defendants willfully failed or refused to pay Plaintiff and the Collective Members the applicable overtime wage for all hours worked in excess of 40 in a given workweek throughout the duration of their employment.

73. As a result, Defendants failed to compensate Plaintiff and the Collective Members at least the applicable overtime wage rate for all hours worked in excess of 40 in a given workweek.

74. Defendants' practice of willfully failing or refusing to pay Plaintiff and the Collective Members at the required overtime wage rate violates the FLSA, 29 U.S.C. § 207(a).

75. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA overtime requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

76. Plaintiff and the Collective Members are therefore entitled to compensation for the unpaid overtime wages at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Christopher Sanford, individually, and on behalf of all repossession drivers similarly situated, respectfully request that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid overtime wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 15th day of March, 2023.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
Christopher J. Bendau
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Email: cliffordbendau@bendaulaw.com


SIMON LAW CO.

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
5000 Rockside Road, Suite 520
Independence, OH 44131
Telephone: (216) 816-8696
Email: james@simonsayspay.com

-13-